**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:19-CR-206-KKC-8** |
| **Plaintiff,** | |
| **v.** | **OPINION & ORDER** |
| **ETRIC PRUITT,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Etric Pruitt's motion to vacate his conviction

under 28 U.S.C. § 2255 (DE 658) and the magistrate judge's recommendation that the motion be

denied (DE 717). For the following reasons, the Court will ADOPT the magistrate judge's Report

& Recommendation in full and DENY Pruitt's motion.

**I.**

Pruitt pled guilty to conspiracy to commit health care fraud on January 27, 2020. (DEs 76,

78). As part of his plea agreement, Pruitt waived any right to appeal and thus did not appeal. He

also waived any right to collaterally attack his conviction or sentence, except for claims of

ineffective assistance of counsel. (*Id.*). He was sentenced to three months imprisonment followed

by a three-year period of supervised release. (DE 498). Pruitt completed his term of imprisonment

on May 11, 2022 and is now serving his supervised release.

On August 11, 2022, Pruitt filed a motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255. (DE 658). In his petition, Pruitt argued that (1) he did not understand

the plea agreement, (2) the plea agreement did not include the bargained-for lower sentence, and

(3) he received ineffective assistance of counsel. Consistent with local practice, the magistrate

judge reviewed the motion and prepared a Report & Recommendation. (DE 717). In that report, the magistrate judge rejected all three of Pruitt's grounds for relief and recommended that the Court deny Pruitt's motion.

As to Pruitt's first two claims—that he did not understand and thus is not bound by the plea agreement and that it failed to include the bargained-for lower sentence of probation—the magistrate judge found that Pruitt's waiver precluded him from raising these arguments on collateral attack. (DE 717 at 3-4). The magistrate noted that the United States reviewed the terms of the plea agreement in open court and the court found Pruitt fully competent and capable of entering an informed plea. Because the plain and clear language of Pruitt's plea agreement barred him from challenging his plea, conviction, and sentence except for claims of ineffective assistance, the magistrate judge found that Pruitt could not properly assert these claims in his 2255 motion.

Pruitt's claim of ineffective assistance somewhat incorporated his first claim—that he did not understand the plea agreement. He argued that his counsel understated the effects of Pruitt's injuries on his capacity and that counsel failed to ensure that he understood the agreement. Because of this, Pruitt argued he was given a stricter sentence. The magistrate judge found that Pruitt provided no substantiation for his claim that his injuries impacted his capacity, Pruitt's counsel attested in an un-notarized affidavit that there was no indication that Pruitt's competency or capacity should have been called into question, and counsel met with Pruitt to discuss the plea agreement in-depth. Further, Pruitt did in fact receive a below-guidelines sentence. Because Pruitt could not meet either prong for ineffective assistance under *Strickland*, the magistrate judge recommended that his claim be denied.

Pruitt timely filed specific objections to that report. (DE 719). The Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made.

28 U.S.C. § 636(b)(1)(c). When no objections are made, however, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Pruitt objects to the magistrate judge's report on three specific grounds, thus the Court will review those contentions in turn.

## II.

First, Pruitt objects to the magistrate judge's finding that his diminished capacity was not substantiated. Pruitt says that he cited an NFL-initiated independent medical study as well as the fact that he underwent testing after incurring multiple concussions. (DE 719 at 1). The magistrate judge acknowledged this, but correctly found that Pruitt had provided insufficient evidence to substantiate his claims of diminished capacity. In his memorandum accompanying his motion, Pruitt referenced an independent medical evaluation but provided no other evidence related to that evaluation. He also stated in an affidavit that he suffers from "a serious concussion history" "which results in being mentally incompetent, which was not expressed." (DE 658-3 at 2). But Pruitt provides no other evidence of diminished capacity.

Second, Pruitt objects to the magistrate judge's weighing of the evidence—specifically that he "place[d] heavy weight on trial counsel's unnotarized affidavit while simultaneously downplaying Mr. Pruitt's." (DE 719 at 1). Pruitt argues that his counsel was aware of his capacity issues during sentencing but "refused to raise them before the Court." (*Id.*). The Court finds, however, that the magistrate judge properly weighed the evidence. A *de novo* review of the record supports the conclusion that Pruitt's counsel's performance was sufficient in this regard.

Pruitt's counsel stated that he met with Pruitt and discussed the plea agreement. At that meeting, Pruitt "told [counsel] that he understood the guidelines and the applicable guideline range." (DE 709-1 at 3). Further, "at no time during said meeting did Etric Pruitt bring up his

health as an issue to understanding the import of [the] discussions [and] Pruitt at all times . . . appeared to understand that he had committed a crime and that he was pleading guilty." (*Id.*). This, coupled with the fact that Pruitt was advised of the specifics of his plea in open court and found to be competent, provides a sound basis for the conclusion that Pruitt was able to understand his plea and that his counsel's assistance was effective. Moreover, the Court was aware of Pruitt's medical history at the time of sentencing, as it was detailed in the Presentence Report.

Finally, Pruitt admits that his sentence fell below the applicable guidelines, but now raises a new argument that the amount of restitution imposed is "gravely unwarranted and disproportionate given the role played in the offense." (DE 719 at 1). Challenging the amount of restitution is improper, as it is not a specific objection to the magistrate judge's Report and Recommendation. Even so, Pruitt acknowledged that his restitution was proper in open court (*See* DE 247 at 13-14). Moreover, in his objection, Pruitt states that his counsel argued against the amount of restitution at sentencing. If Pruitt is arguing that his restitution is disproportionate, that argument is barred by his plea agreement. If he is arguing this point to show ineffective assistance, then the argument is contradicted by the fact that his counsel addressed the issue at sentencing.

**III.**

Pruitt does not object to the magistrate judge's conclusions that his first two claims (the non-ineffective assistance claims) are not permitted pursuant to his plea agreement. His objection as to the finding of diminished capacity may relate to the efficacy of his waiver, but Pruitt does not provide sufficient evidence to call into question his competency when he entered into the plea agreement. Accordingly, the Court will adopt the magistrate judge's recommendation as to these claims.

As to ineffective assistance, Pruitt failed to show either (1) deficient performance by counsel or (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Pruitt bore the burden of showing that his trial counsel "made errors so serious that [he was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. He did not meet that burden. "When deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry if the defendant makes an insufficient showing on one." *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004). But here, Pruitt failed to show that his counsel's performance was ineffective or that he was prejudiced. The Court will adopt the magistrate judge's recommendation as to Pruitt's ineffective assistance claim.

## IV.

Accordingly, for the reasons outlined above and in the magistrate judge's Report and Recommendation, the Court hereby ORDERS as follows:

(1) Movant/Defendant Pruitt's motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 (DE 658) is DENIED.

(2) the magistrate judge's Report and Recommendation (DE 717) is ADOPTED and INCORPORATED, in full.

(3) Pruitt's objections to the Report and Recommendation (DE 719) are OVERRULED.

(4) a certificate of appealability will not be issued, Pruitt having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)

(5) a separate judgment shall issue.

This 19th day of April, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY